■ In the Matter of PHILIP M. VAN AELSTYN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [813 NYS2d 268]—

Per Curiam. Respondent was admitted to practice by this Court in 2001 and presently resides in California.

Having declared that no factual issues are raised by the pleadings and having given respondent an opportunity to be heard in mitigation, we find respondent guilty of professional misconduct in violation of this Court's rules (see Code of Professional Responsibility DR 1-102 [a] [3], [4], [5], [7] [22 NYCRR 1200.3 (a) (3), (4), (5), (7)]). Specifically, in May 2003, a complaint for relief from abuse was filed against respondent in Vermont Family Court, Chittenden County. Respondent then filed an affidavit in the proceeding which contained a false and misleading statement. In January 2004, the Vermont Family Court issued an order for relief from abuse finding that respondent abused the victim, placed her in fear of imminent serious harm and presented a credible threat to her physical safety. The order remains in effect until May 2008. In January 2005, respondent was convicted in Vermont of extortion, a felony in that state (see 13 Vt Stat Ann § 1701), and of stalking, a misdemeanor (see 13 Vt Stat Ann § 1062), both of which involved harassing conduct toward the victim.

Under all of the circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of this Court.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in the petition of charges, except with respect to specification 2 of Charge II which is dismissed; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is fur-

ther ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).